Timothy M. Stubson (No. 6-3144)
Brandon E. Pryde (No. 8-6883)
Crowley Fleck PLLP
111 W. 1st Street, Suite 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| AFG Companies, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 25-CV-00104 |
| | ) | |
| GENUINE LIFETIME LLC, a Wyoming | ) | |
| Limited Liability Company; BRAND | ) | |
| ENGAGEMENT NETWORK INC., a Wyoming | ) | |
| For Profit Corporation, d/b/a BEN AI, d/b/a BEN, | ) | |
| f/k/a BLOCKCHAIN EXCHANGE NETWORK | ) | |
| INC.; OCTOBER 3RD HOLDINGS, LLC, a | ) | |
| Wyoming Limited Liability Company; MICHAEL | ) | |
| LUCAS, individually; TYLER LUCK, individually, | ) | |
| DUE FIGLIE, LLC, a Wyoming Limited Liability | ) | |
| Company, SHAWN LUCAS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendants Genuine Lifetime LLC ("Genuine"), Brand Engagement

Network Inc. ("BEN"), October 3rd Holdings, LLC ("October"), Michael Lucas, Due Figlie, LLC

("Figlie"), and Shawn Lucas (collectively "Defendants"), through their counsel, Crowley Fleck

PLLP, and present the following brief in support of their Motion to Dismiss pursuant to Rules, 4(e), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY AND BACKGROUND

The above captioned matter is the latest salvo in a dispute between Plaintiff and Defendants rooted in a complex commercial relationship between the parties.   The contracts and relationships between the parties and the subject matter outlined in Plaintiff's Complaint are already subject to ongoing litigation in five separate cases filed in the Southern District of New York, the Northern District of Texas and Texas State Court. (*See Brand Engagement Network Inc. v. AFG Companies Inc. et al., Northern District of Texas*, 3:25-cv-00114; *Due Figlie and Shawn Lucas v. AFG Companies Inc. and Ralph Wright Brewer III*, Northern District of Texas, 3:25-CV-00629; *Genuine Lifetime LLC, Tyler Luck and October 3rd Holdings v. AFG Companies, Inc. et al.*, Northern District of Texas, 3:25-CV-000692; *Brand Engagement Network Inc. v. AFG Companies Inc.*, Southern District of New York, 1:25-CV-02245; *AFG Companies Inc., v. Genuine Lifetime, LLC et al*, 17th Judicial District, Tarrant County, Texas, 017-352358-24) (collectively hereinafter "Companion Cases").

Plaintiff filed the above-captioned matter in Wyoming state court on January 21, 2025. Plaintiff attempts to assert claims against numerous named Defendants, including Genuine Lifetime LLC, Brand Engagement Network Inc., f/k/a Blockchain Exchange Network Inc., October 3rd holdings LLC, Michael Lucas, Tyler Luck, Due Figlie LLC, and Shawn Lucas, for breach of contract, breach of the duty of good faith and fair dealing, UCC foreclosure on collateral, unjust enrichment, tortious interference with a contract, civil conspiracy to commit fraud, fraud and constructive fraud, securities fraud, injunctive relief, business defamation and business

defamation per se. Defendants filed a Notice of Removal in the above-captioned matter with this court on April 28, 2025. An Order on Removal was issued by this court on April 29, 2024.

## STANDARD OF REVIEW

In reviewing a motion made pursuant to Fed. R. Civ. P. 12(b)(6) this court is bound by the *Twombly* standard. *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014). "At this stage in the litigation, [the court] accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

In determining the plausibility of a claim, "mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Han. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011). Instead, a plaintiff must supply "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663, 129 S. Ct. 1937.

## ARGUMENT

Plaintiff's brief, while lengthy, is fatally defective in a number of respects. Plaintiff's inconsistent and insufficient allegations surrounding Claim IV – Unjust Enrichment, Claims VI, VII, and VIII (collectively the Fraud Claims) and Claim X – Business Defamation are all defective on their face and should be dismissed. Similarly, Plaintiff alleges claims against Shawn Lucas despite the fact that they have failed to properly serve Mr. Lucas. The Court should decline to allow claims to move forward against Mr. Lucas until and unless he is properly served.

1. ***Claim IV – Unjust Enrichment***

Plaintiff's claims outline a sophisticated and interlocking contractual regime which spells out specific responsibilities for the Plaintiff and Defendants.   In its complaint alone, Plaintiff cites to a Reseller Agreement (ECF-002, ¶ 28), a Loan Agreement (ECF-002, ¶ 51), a Personal Guarantee Agreement (ECF-002, ¶ 62), a Security Agreement(ECF-002, ¶ 67), a Lock-up Agreement (ECF-002, ¶64), a Consulting Agreement (ECF-002, ¶ 7) and multiple Subscription Agreements.   In Claim IV Plaintiff cites to Defendants potential benefit flowing from AFG's investments into Genuine Lifetime and BEN as the basis for its claim.  Plaintiff, however, goes on to repeatedly explain that the terms governing that infusion of capital are contained in express agreements including the Reseller Agreement, the Personal Guarantee and the Security Agreement. (ECF-002, ¶¶ 128-130).  Such an approach undermines the legitimacy of the unjust enrichment claim.

Unjust enrichment is an equitable doctrine that provides for recovery of damages on an implied contract. *Zitterkopf v. Bradbury*, 783 P.2d 1142, 1144 (Wyo. 1989).  A plaintiff must prove the following four elements:

> (1) Valuable services were rendered, or materials furnished,
> (2) to the party to be charged,
> (3) which services or materials were accepted, used and enjoyed by the party; and,
> (4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched.

*Id.* (citations omitted).

Unjust enrichment is an equitable remedy. As such, it cannot exist where there is an express contract governing the relationship between the parties. *Wagner v. Reuter*, 2009 WY 75, ¶ 13, 208 P.3d 1317, 1322 (Wyo. 2009); *Sowerwine v. Keith*, 997 P.2d 1018, 1021 (Wyo. 2000). Plaintiff

has failed to allege facts that differentiate how this claim of unjust enrichment is different then its claims for breach of contract. (ECF-002, ¶¶ 123-133). Instead, Plaintiff's allegations of unjust enrichment are merely a rehashing of its claims of breach of contract of the various agreements between the parties. For that reason, Plaintiff has failed to allege facts that support its claim for unjust enrichment, rather than a breach of contract claim based on the express contracts governing the relationship between the partes.

### 2. Claims VI, VII and VIII – Fraud, Constructive Fraud, Civil Conspiracy to Commit Fraud.

The plaintiff alleging fraud carries the burden of showing by clear and convincing evidence the following elements of fraud: "(1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages." *Bitker v. First Nat. Bank in Evanston*, 2004 WY 114, ¶ 12, 98 P.3d 853, 856 (Wyo. 2004). Plaintiff failed to allege facts in its Complaint that support its claim of fraud, constructive fraud and conspiracy to commit fraud. (ECF-002, ¶¶ 174-198). Instead, Plaintiff merely alleges "various representations regarding BEN AI" (ECF-002, ¶ 177) or that Defendant gave some sort of statements about their ability to deliver a product (ECF-002, ¶ 201). Nowhere does Plaintiff attempt to detail what representations were made by which Defendants at what time, how Plaintiff relied on that false representation, and how Plaintiff subsequently suffered damages. Instead, Defendants are left to guess regarding the offending conduct.

Plaintiff's general allegations are insufficient to support a claim of fraud. Allegations of fraud are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud and must set forth the time, place, and contents of the false representation, the

identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal citations omitted). Offering "only labels and conclusions devoid of factual enhancement, and broad, vague, and conclusory allegations [fails] to meet the stricter requirements of Rule 9(b)." *Jensen v. Am.'s Wholesale Lender*, 425 Fed. Appx. 761, 763 (10th Cir. 2011). Furthermore,"[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).

Plaintiff has failed to adequately plead how specific defendants in this case allegedly committed fraud. Instead, Plaintiff attempts to allege that unspecific representations made by Defendants as a whole constitute fraud. Under the applicable rules such allegations are insufficient. "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *United States ex rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902, 2000 WL 1595976, at *3 (10th Cir. 2000). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based ..." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir.1992). This includes Rule 9(b) requiring that a complaint set forth the identity of the party making the false statements, that is, which statements were allegedly made by whom. *In re Edmonds, 924 F.2d 176 (10th Cir. 1991)*; *Seattle-First Nat. Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir. 1986)).

Plaintiff failed to properly allege its claim of fraud by specifying who, what, when, where and how of alleged fraud occurred. And by failing to do so, Plaintiff is actively harming Defendants reputation. It is for this very reason that one of the purposes of Rule 9(b) is to protects defendants' reputation from the harm attendant to accusations of fraud or dishonest conduct. *See Guidry v.*

*Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir.1992). Plaintiff's claims of fraud and constructive fraud fails not just because of inadequate allegations on one element, it fails because of inadequate allegations for all elements.

The failure of Plaintiff to adequately plead its fraud claims is underscored by the number of allegations that it relies upon rooted only in "information and belief". (ECF-002, ¶¶ 151, 154, 160, 162, 163, 167, 188, 190, 191, 193, 203, 207, 210, 213, 214, 215). "Allegations of the circumstances of fraud based on information and belief . . . usually do not satisfy the particularity requirement of Rule 9(b), unless accompanied by a statement of the facts upon which the pleader's belief is founded or by allegations that necessary information lies within the defendant's control." Charles A. Wright & Arthur R. Miller, 5A Fed. Prac. & Proc. Civ. § 1298 (4th ed. 2023). Plaintiff includes none of that information in its Complaint.

Furthermore, Plaintiff's claim of civil conspiracy to commit fraud fails for the same reason. First and foremost, the Wyoming Supreme Court seemingly has never recognized or adopted a claim for civil conspiracy. *Spear v. Nicholson*, 882 P.2d 1237, 1242 (Wyo. 1994). Even if Wyoming were to adopt civil conspiracy as a valid claim, the Plaintiff would be required to show the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate cause thereof." *McKibben v. Chubb*, 840 F.2d 1525, 1533 (10th Cir.1988).

In this case Plaintiff utterly fails to present any allegations of "unlawful overt acts." Even if Plaintiff's allegation was enough to satisfy the first three elements of civil conspiracy in those rare instances where such a claim has been recognized, without alleging all the elements of the claim, the claim must fail even if it existed under Wyoming law. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (discussing how a complaint still must contain allegations respecting

all the material elements necessary to sustain a recovery under some viable legal theory); *Lindsey v. Thomson*, 275 Fed. Appx. 744, 747-48 (10th Cir.2007) (failing to allege facts substantiating all elements will result in the dismissal of the complaint). As Plaintiff has failed to properly allege its claim of fraud, which Plaintiff is required to do before it can bring a claim of civil conspiracy to commit fraud, dismissal of Plaintiff's civil conspiracy claim is warranted.

### 3. Claim X – Business Defamation and Business Defamation Per Se

Plaintiff's "business" defamation and "business" defamation per se claims fail as Plaintiff has alleged no facts or evidence showing that Defendants made a defamatory statement. In Wyoming, a defamatory statement is one that: 1) tends to hold the plaintiff up to hatred, contempt, ridicule, or scorn; 2) causes the plaintiff to be shunned or avoided; or 3) tends to injure the individual's reputation as to diminish the esteem, respect, goodwill, or confidence in which he is held. *Stevens v. Anesthesiology Consultants of Cheyenne*, LLC, 2018 WY 45, ¶ 40, 415 P.3d 1270, 1285 (Wyo. 2018) (citing *Lever v. Community First Bancshares, Inc.*, 989 P.2d 634, 638 (Wyo. 1999). "Generally, to be actionable, the defamatory or disparaging words 'must affect the plaintiff in some way that is peculiarly harmful to one engaged in his trade or profession.' Id. (quoting *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 224 (Wyo. 1994)).

"Defamation per se means a statement which is defamatory on its face and, therefore, actionable without proof of special damages. The only statements classified as defamatory per se or damaging on their face, and which therefore do not require proof of special harm, are those which impute (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with business, trade, profession, or office; or (4) serious sexual misconduct." *Thomas v. Sumner*, 2015 WY 7, ¶ 49,341 P.3d 390, 402 (Wyo. 2015) (quoting *Hoblyn v. Johnson*, 2002 WY 152, ¶ 41, 55 P.3d 1219, 1233 (Wyo.2002)). While a defamation per se claim does not require proof of pecuniary

or economic loss, it does require a prima facia showing that: "(1) the defendant made a false and defamatory communication concerning the plaintiff; and (2) the defendant made an unprivileged publication to a third party; and (3) at the time of the publication the defendant knew the communication was false, or the defendant acted in reckless disregard of whether the statement was false; or the defendant acted negligently in failing to ascertain whether the communication was false." *Thomas v. Sumner*, 2015 WY 7, ¶ 49,341 P.3d 390, 402 (Wyo. 2015) (citing Restatement (Second) of Torts § 558 (1977)).

Plaintiff alleges that the offending statement was one that notified its customers that AFG had been subject to a ransomware attack and that BEN AI's systems were not impacted. (ECF-002, ¶¶ 225-236). However, Plaintiff readily admits that AFG did suffer a cyber ransomware attack. (ECF-002, ¶ 43). Defendants making a factual statement regarding the ransomware attack against Plaintiff is not defamation or defamation per se. In fact, Plaintiff fails to provide any facts that support the first element of a prima facia showing of defamation. The first element requires the defendant to make a false and defamatory communication concerning the plaintiff. The statement made by Defendants was factually correct, AFG did experience a ransomware attack. (ECF-002, ¶ 43). Under Wyoming law, communications that are "substantially true" are a complete defense to a defamation action. *Tschirgi v. Lander Wyoming State J.*, 706 P.2d 1116, 1120 (Wyo. 1985). "It is not necessary to prove the literal truth of the accusation in every detail, and that it is sufficient to show that the imputation is substantially true, or, as it is often put, to justify the gist, the sting, or the substantial truth of the defamation." *Id.* Where, as here, Plaintiff has admitted that the key portions of the statement are accurate, no defamation claim can move forward.

    **4.   *Defendant Shawn Lucas was not properly served.***

Pursuant Wyoming Rules of Civil Procedure Rule 4 , service of an individual within the United States is accomplished by:

(e) Serving an Individual Within the United States. An individual other than a person under 14 years of age or an incompetent person may be served within the United States:
(1) by delivering a copy of the summons and of the complaint to the individual personally,
(2) by leaving copies thereof at the individual's dwelling house or usual place of abode with some person over the age of 14 years then residing therein,
(3) at the defendant's usual place of business with an employee of the defendant then in charge of such place of business, or
(4) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Plaintiff filed a Return of Service for Shawn Lucas on April 11, 2025. ECF-010. Pursuant to Rule 4(s)(2)(B), proof of service within the United States is required to include an affidavit of proof of service with a statement as to date, place and manner of service. Id. Pursuant to the Return of Service, a process server named Enrique Ortega-Rubio served the Complaint and Summons via substitute service on March 29, 2025. Id. According to the Return of Service, Mr. Ortega-Rubio served the Complaint and Summons on John Vredenburgh. Id. It is important to note that the Return of Service states that Mr. Vredenburgh is the "subject's father," and does not include the address where Mr. Vredenburgh was served as required under Rule 4(s)(2)(B). Id. Suffice to say, Mr. Vredenburgh is not Shawn Lucas' father, as Shawn Lucas' father passed away over 25 years ago. Upon information and belief, Mr. Vredenburgh was served at 2112 Huntington Lane, Redondo Beach, CA 90278 ("Huntington Address").

Under Wyoming law, a court does not acquire personal jurisdiction over a party that has not been properly served:

A summons is "the means of compelling a defendant to subject his person to the jurisdiction of the court from which the summons issues." Strict compliance with the requirements of service of process is mandatory. Any omissions of statements

that are required under W.R.C.P. 4 are fatal and such omission prevents the trial court from obtaining jurisdiction of the defendant.

*Rosty v. Skaj*, 2012 WY 28, ¶ 22, 272 P.3d 947, 955 (Wyo. 2012) (quoting *Hoke v. Motel 6 Jackson & Accor N. Am., Inc.*, 2006 WY 38, ¶ 7, 131 P.3d 369, 374 (Wyo. 2006)). The Return of Service shows that Plaintiff failed to properly serve Shawn Lucas under Rule 4. The Huntington Address is not Shawn Lucas' dwelling or usual place of abode, as stated in Rule 4(e)(2), as Shawn Lucas has never lived at that address. (*See* Decl. of Shawn Lucas attached hereto as Ex. 1). Similarly, the Huntington Address is also not Shawn Lucas' usual place of business as allowed under Rule 4(e)(3). *Id.* Mr. Vredenburgh is also not an agent authorized by appointment or by law to receive service of process on behalf of Shawn Lucas, as allowed under Rule 4(e)(4). *Id.*

Defendant Shawn Lucas requests a finding that Plaintiff failed to properly serve him, and hold that Plaintiff must properly effectuate service before this court obtains jurisdiction over Defendant Shawn Lucas.

## CONCLUSION

Plaintiffs have filed a complaint that is rife with assumption and innuendo. The pleading laws embodied in the Federal Rules of Civil Procedure demand more. Dismissal of the Claims, IV, VI, VII, VIII and X should be granted and Plaintiff must be required to properly serve Shawn Lucas.

Dated this 5th day of May, 2025.

  /s/ Timothy M. Stubson
Timothy M. Stubson (WY Bar #6-3144)
Brandon E. Pryde (WY Bar #8-6883)
Crowley Fleck PLLP
112 2nd Street West, Suite 200
(307) 232-6901
tstubson@crowleyfleck.com
bpryde@crowleyfleck.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing document was served on May 5, 2025, via electronic filing to the following:

Robert J. Walker (7-4715)
Matthew A. Walker (7-5737)
John M. Walker (5-2224)
Walker Law, LLP
114 E. 7th Ave., Suite 200
P.O. Box 22409
Cheyenne, WY 82003
Robert@wyocounsel.com
Matthew@wyocounsel.com
John@wyocounsel.com

/s/ *Timothy M. Stubson*