Robert J. Walker (7-4715)
Matthew A. Walker (7-5737)
John M. Walker (5-2224)
WALKER LAW, LLP
114 E. 7th Ave, Suite 200
P.O. Box 22409
Cheyenne, WY, 82003
(307) 529-2255
Robert@wyocounsel.com
Matthew@wyocounsel.com
John@wyocounsel.com

*Counsel for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| AFG Companies, Inc., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 25-CV-00104 |
| GENUINE LIFETIME LLC, a Wyoming | ) | |
| Limited Liability Company; BRAND | ) | |
| ENGAGEMENT NETWORK INC., a Wyoming | ) | |
| for Profit Corporation, d/b/a/ BEN AI, d/b/a BEN, | ) | |
| f/k/a BLOCKCHAIN EXCHANGE NETWORK | ) | |
| INC.; OCTOBER 3RD HOLDINGS LLC, a | ) | |
| Wyoming Limited Liability Company; MICHAEL | ) | |
| LUCAS, individually; TYLER LUCK, Individually, | ) | |
| DUE FIGLIE, LLC, a Wyoming Limited Liability | ) | |
| Company, SHAWN LUCAS, individually, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, AFG Companies, Inc. ("Plaintiff"), by and through its Counsel, WALKER

LAW, LLP, and for Plaintiff's Opposition to Defendant's Motion to Dismiss, states and asserts as

follows:

## INTRODUCTION

Plaintiff filed this matter in state court on January 21, 2025. Defendants removed this case to federal court on April 29, 2025. Plaintiff sufficiently plead facts to support each cause of action in this matter. Additionally, Wyoming Rule of Civil Procedure 8(d) and Federal Rule of Cvil Procedure 8(d) both specifically allow for a party to set out two or more statements of claim alternatively or hypothetically, either in a single count or defense or in separate ones, and the party may state as many separate claims as it has, regardless of consistency. Then, throughout the discovery process, the Parties have an opportunity to refine and amend their pleadings consistently with the facts of the case. Plaintiff agrees that double recovery under alternate theories is not allowed; however, the rules expressly allow pleading in the alternative. Finally, Plaintiff is without knowledge to confirm or deny the validity of the service of process on Defendant Shawn Lucas. However, the early raising of the issue of service of process allows the Court and the parties to correct any potential or alleged defects through additional service of process to Defendant in which Plaintiff will gladly cooperate.

For the reasons set forth hereafter, Defendant's Motion to Partly Dismiss Complaint must be denied.

## STANDARD OF REVIEW

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[W]hen *Iqbal* speaks of a claim's facial plausibility, the complaint must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1275 (internal quotation marks omitted).

*AFG Companies, Inc. v. Genuine Lifetime LLC et al.*
*Brief in Support of Opposition to Motion to Dismiss*
**Page 2 of 11**

"In reviewing an order granting a motion to dismiss, our role is like the district court's: we accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff, but need not accept threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements." *Id.* "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Id.* (internal quotation marks omitted).

*Ezeani v. Carillo*, No. 23-2104, 2024 U.S. App. LEXIS 1717, at *4–5 (10th Cir. Jan. 25, 2024) (some citations omitted).

## ARGUMENT

### I.      *Plaintiff Pled Short and Plain Statements of a Claim Showing Entitlement to Relief*

Rule 8 of the Federal Rules of Civil Procedure "requires short and plain statements of a claim showing that the pleader is entitled to relief." Any pleading which fails to tie allegations to a specific cause of action supported by such allegations is considered impermissible under Rule 8 as a shotgun pleading. *See e.g. Hart v. Salois*, 605 F.App'x 694 (10th Cir. 2015). In other words, a complaint should not require the Court or a defendant to "search through several paragraphs of . . . 'Introductory Allegations' and attempt to match the factual assertions with the elements of all subsections of [the causes of action] to determine if the complaint states a claim for relief. *Id.* at 701. In *Hart*, the plaintiff drafted a complaint with over 700 paragraphs and over 100 pages of introductory allegations. *Id.* The plaintiff failed to show that the complaint contained a short and plain statement of his claims against the defendant, upholding the district court's decision to dismiss the complaint. *Id.*

*Civil Conspiracy*

Plaintiff sufficiently pled civil conspiracy to commit fraud. Civil conspiracy is a recognized cause of action in Wyoming.

**AFG Companies, Inc. v. Genuine Lifetime LLC et al.**
*Brief in Support of Opposition to Motion to Dismiss*
**Page 3 of 11**

In order to bring a civil conspiracy claim, a plaintiff must state an underlying cause of action in tort. *White v. Shane Edeburn Constr.*, LLC, 2012 WY 118, ¶ 30, 285 P.3d 949, 958 (Wyo. 2012). The plaintiff must then prove: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate cause thereof." *Id.*

*Action Snowmobile & RV, Inc. v. Most Wanted Performance, LLC*, 2018 WY 89, ¶ 16, 423 P.3d 317, 324 (Wyo. 2018). Plaintiff stated an underlying cause of action for fraud. Further, Plaintiff sufficiently pled, with particularity, the elements of civil conspiracy.

First, Plaintiff pled that Defendant Michael Lucas, Defendant Luck, and the entities they oversee, conspired together. [*Complaint*, ¶ 149]. Second, Plaintiff alleged that Defendants' object to be accomplished was to take Plaintiff's money for their personal gain without giving anything of value in return. [*Id.* ¶ 152]. Third, Plaintiff alleged that the Defendants conspired together to interfere with AFG's ability to benefit from the contracts between the parties. [*Id.* ¶ 159]. Fourth, Plaintiff alleged numerous acts, including overstating ability to perform under the contract, conspiring to perform a cyber-attack on Plaintiff, intentionally failing to disclose essential facts in regard to the contract, and other acts which were fraudulent, unlawful, and overt. [*Id.* ¶¶ 79–89, 149–151, 153–158, 160–171]. Finally, Plaintiff alleged harm to investments, attorneys' fees, costs associated with addressing the cyber-attack alleged to have been orchestrated as part of the conspiracy, and punitive damages. [*Id.* ¶¶ 172–173]. Looking at all the facts in a light most favorable to Plaintiff, the elements of civil conspiracy have been satisfied.

*Fraud and Constructive Fraud*

As additional support, Plaintiffs also sufficiently pled fraud and constructive fraud. The elements of intentional misrepresentation or fraud are as follows:

AFG Companies, Inc. v. Genuine Lifetime LLC et al.
*Brief in Support of Opposition to Motion to Dismiss*
**Page 4 of 11**

(1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages.

In order to prove intentional misrepresentation, the plaintiff must show that the misrepresentation was made intentionally, with knowledge of its falsity, or that the maker of the misrepresentation was at least aware that he did not have a basis for making the statement. Fraud must be proven by clear and convincing evidence, as opposed to by a preponderance of the evidence for negligent misrepresentation claims. Fraud must be pled with particularity. W.R.C.P. 9(b).

*Universal Drilling Co., Ltd. Liab. Co. v. R & R Rig Serv., Ltd. Liab. Co.*, 2012 WY 31, ¶ 21, 271 P.3d 987, 994–95. "Constructive fraud has been defined as consisting of all acts, omissions, and concealments involving breaches of a legal or equitable duty resulting in damage to another, and exists where such conduct, although not actually fraudulent, ought to be so treated when it has the same consequence and legal effects." *Johnson v. Reiger*, 2004 WY 83, 93 P.3d 992, 998 (Wyo. 2004).

Regarding the requirement for false representations, Plaintiff lists the representations or constructive misrepresentations Defendants made to Plaintiff plainly in the complaint, including the following: representing that the product was commercial market ready, representing that multiple companies relied on BEN AI technology, withholding relevant information regarding the character of crucial parties which character flaws include criminal history, failing to disclose personal interests in the matter, knowingly failing to disclose Defendants' inability to perform their obligations under the contract between the parties, and representing that Plaintiff would be the exclusive provider of the product in the automotive field despite Defendants searching for other automotive providers. [*Complaint*, ¶¶ 23–27, 175–180]. The majority of Plaintiff's allegations are supported by more than simply "information and belief."

AFG Companies, Inc. v. Genuine Lifetime LLC et al.
*Brief in Support of Opposition to Motion to Dismiss*
Page 5 of 11

Additionally, for acts which are constructively fraudulent, it would be impossible to identify an exact date and time as omissions and concealments were withheld throughout the entirety of the parties' relationships. It is enough that Plaintiff has pled that false representations were made and that crucial information was omitted or withheld from Plaintiff to satisfy the particularity pleading requirement.

Regrading the final elements of fraud, the complaint alleges that Defendants knew Plaintiff was unaware of the falsity of their statements or crucial non-disclosures. [*Id.* ¶¶ 181–194]. Plaintiff alleges that it relied on Defendants' representations and concealments to Plaintiff's detriment in suffering substantial damages. [*Id.* ¶¶ 195–198]. Plaintiff has been particular and specific about the false representations, crucial omissions, and knowing concealments of Defendants which induced Plaintiff to act and, looking at the complaint in a light most favorable to Plaintiff, the causes of action for fraud and constructive fraud should survive.

*Business Defamation and Business Defamation Per Se*

Plaintiff sufficiently pled facts which support claims for defamation and defamation per se.

> A defamatory communication is one which [1] tends to hold the plaintiff up to hatred, contempt, ridicule or scorn or [2] which causes him to be shunned or avoided; [or 3] one that tends to injure his reputation as to diminish the esteem, respect, goodwill or confidence in which he is held. Defamation per se means a statement which is defamatory on its face and, therefore, actionable without proof of special damages. The statements classified as defamatory per se or damaging on their face, and which therefore do not require proof of special harm, [include] those which impute . . . a matter incompatible with business, trade, profession, or office[.]

*Bextel v. Fork Rd. Ltd. Liab. Co.*, 2020 WY 134, ¶ 12, 474 P.3d 625, 629 (Wyo. 2020) (internal citations omitted). Truth is a complete defense to a defamation claim. *See generally Thomas v. Rosenberger*, 2015 WY 7, ¶ 50, 341 P.3d 390, 402 (Wyo. 2015). Plaintiffs are not required to provide facts which counteract every potential defense or affirmative defense to their causes of

**AFG Companies, Inc. v. Genuine Lifetime LLC et al.**
*Brief in Support of Opposition to Motion to Dismiss*
**Page 6 of 11**

action, including the defense of truth in a defamation case. Nevertheless, giving Plaintiff every favorable inference in the complaint would create facts which show that Defendants released public statements which maliciously and incorrectly state that "AFG concealed a ransomware attack on its network" and that "AFG failed to protect its customers' information." [*Complaint*, ¶¶ 226, 229, 231, 232]. Accepting Plaintiff's complaint as true, Plaintiff's "security meets or exceeds industry standards" and "no exfiltration of AFG's customer or company data" occurred, meaning AFG did not conceal a ransomware attack and AFG did protect its customers' information in contradiction to Defendants defamatory statements.

Plaintiff alleged that such defamatory statements were detrimental to Plaintiff's operations and harmed its business reputation. [*Id.* ¶¶ 233–237]. Plaintiff sufficiently pled the elements of defamation and defamation per se.

## II.      *Plaintiff May Plead in the Alternative*

Federal Rule of Civil Procedure 8(d) specifically allows for a party to set out two or more statements of claim alternatively or hypothetically, either in a single count or defense or in separate ones, and the party may state as many separate claims as it has, regardless of consistency.   There is nothing in the rules or in Wyoming or Federal practice which prevents Plaintiffs from pleading claims directly, derivatively, in contract, in tort, and/or in equity arising from a common set of facts. *See generally Sylvia v. Wisler*, 875 F.3d 1307, 1321 (10th Cir. 2017).

While Plaintiff agrees that a Party cannot obtain a double recovery on overlapping claims, Rule 8 allows the parties the opportunity to at least pursue each claim, even if conflicting, throughout the discovery process.  Should Plaintiff not have admissible evidence to support each independent claim at the conclusion of discovery, then the claims and evidence in support thereof can be fully vetted through the summary judgment process. Further, the claims are not identical.

**AFG Companies, Inc. v. Genuine Lifetime LLC et al.**
*Brief in Support of Opposition to Motion to Dismiss*
**Page 7 of 11**

The unjust enrichment claim would exist under the distinct factual scenario where no contract existed, which is an essential element to the breach of contract claim. Such claims of breach of contract and unjust enrichment cannot survive together; however, they can exist in the pleading stage before the facts have become more fully established. Plaintiff's claim for Unjust Enrichment should survive a motion to dismiss.

### III.    *Any Invalidity of Service is Not Prejudicial; Nevertheless, Plaintiff Asks the Court to Allow Plaintiff Additional Time to Serve Defendant Shawn Lucas*

Both the Wyoming and Federal Rules of Civil Procedure 4(e) allow service on an individual by delivering it personally to the person, delivering it to another person older than fourteen at the individual's usual place of abode, or delivering it to an agent of the individual authorized to receive service of process.  The validity of service is a procedural due process concern. "The purpose of service of process is to provide a defendant with notice and the opportunity to defend against the action. . . . *See also* 62B Am. Jur. 2d Process § 3 (2013). 62B Am. Jur. 2d Process § 4." *Reynolds v. Moore*, 2014 WY 20, ¶ 11, 318 P.3d 362, 365–66 (Wyo. 2014) (some internal citations omitted). "Courts allow infringement on the fundamental due process rights to notice and an opportunity to be heard only to the extent permitted by legislative or judicially promulgated rules of procedure." *Goss v. Goss*, 780 P.2d 306, 310 (Wyo. 1989); *see also* 62B Am.Jur.2d, Process § 4 (1990). Plaintiff in good faith believed that Defendant Shawn Lucas had been properly served the Complaint and Summons in this matter, and it is clear from Defendant Shawn Lucas' representations to the Court through declaration and through counsel that he is aware of this action and able to appear and defend himself. Defendant Shawn Lucas has been neither prejudiced nor harmed by any defect in the process of service.

AFG Companies, Inc. v. Genuine Lifetime LLC et al.
*Brief in Support of Opposition to Motion to Dismiss*
Page 8 of 11

Nevertheless, Plaintiff recognizes the strict standard by which Wyoming courts and Federal courts view potential defects in service of process. *See e.g. Hoke v. Motel 6 Jackson*, 2006 WY 38, ¶ 6, 131 P.3d 369, 373 (Wyo. 2006); *Hollingshead v. Hollingshead*, 942 P.2d 1104, 1106 (Wyo. 1997); *EOG Resources, Inc. v. State*, 2003 WY 34, ¶ 7, 64 P.3d 757, 759 (Wyo. 2003). While language missing from a summons may not be fatal to the Court obtaining jurisdiction, it appears that it may be fatal to an action if an individual is not served under Rule 4(e) even if they later receive notice of the action and an unserved copy of the complaint and summons. *See generally Reynolds*, 2014 WY 20.

With the issue of improper service having been raised and Plaintiff having no evidence to contradict Defendant Shawn Lucas' Declaration, Plaintiff asks that this Court extend the deadline by which Plaintiff may serve Defendant Shawn Lucas, allow the statute of limitations to relate back to the date of the *Complaint* if served within sixty days of this Court's decision in this matter, and allow Plaintiff to again serve Defendant Shawn Lucas so that there exists no question as to the procedural validity of this action.

## IV.    *Dismissal Not the Appropriate Remedy for Hyper-Technical Omissions.*

The 10th Circuit recently instructed:

> Rule 9(b)'s purpose is to afford a defendant fair notice of a plaintiff's claims and the factual grounds supporting those claims. . . . The most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) . . . is the determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading.

*Clinton v. Sec. Ben. Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023). The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct, . . . and to be construed as to do substantial justice*." In re Nat. Gas*

AFG Companies, Inc. v. Genuine Lifetime LLC et al.
*Brief in Support of Opposition to Motion to Dismiss*
**Page 9 of 11**

*Royalties Qui Tam Litig.*, 2006 U.S. Dist. LEXIS 57383, at *28 (D. Wyo. May 18, 2006). In this case, Plaintiff has met the simple and concise pleading requirements for each of its claims, including those for Fraud.

Notwithstanding, a "plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Pickering v. Corizon Health Inc.*, No. 22-CV-00153-ABJ, 2022 U.S. Dist. LEXIS 251792, at *17 (D. Wyo. Nov. 30, 2022) (*quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Similarly, under F.R.C.P. 15(a)(2), a party may amend its pleading with leave of the court, which the court should freely give when justice so requires.

For purposes of legal argument only, should it be determined that Plaintiff's claims lack some detail, specificity, or technical information that the Court believes would be required to put Defendants on notice of the claims against them, the reasonable remedy would be to provide Plaintiff an opportunity to amend and provide more definite information on any such specific issue. Otherwise, at this early stage, the claims could only be dismissed without prejudice such that Plaintiff could refile.

For this additional reason Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied. In the alternative, the appropriate remedy at this early stage would be to give Plaintiff an opportunity to amend its complaint to "fill in" any specifics that Defendant argues would be required before it could provide a responsive pleading.

CONCLUSION

Plaintiff respectfully requests the Defendant's motion generally be denied.

Respectfully filed this 2nd day of June, 2025.

AFG Companies, Inc. v. Genuine Lifetime LLC et al.
*Brief in Support of Opposition to Motion to Dismiss*
Page 10 of 11

/s/ Robert J. Walker

Robert J. Walker (7-4715)
Matthew A. Walker (7-5737)
Walker Law
P.O. Box 22409
Cheyenne, WY  82003
Telephone: (307) 529-2255
Robert@WyoCounsel.com
Matthew@WyoCounsel.com
ATTORNEYS FOR DEFENDANT

AFG Companies, Inc. v. Genuine Lifetime LLC et al.
*Brief in Support of Opposition to Motion to Dismiss*
**Page 11 of 11**