Robert J. Walker (7-4715)
Matthew A. Walker (7-5737)
WALKER LAW, LLP
P.O. Box 22409
Cheyenne, WY, 82003
(307) 529-2255
Robert@wyocounsel.com
Matthew@wyocounsel.com
Counsel for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **AFG COMPANIES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 25-CV-104-ABJ** |
| **GENUINE LIFETIME LLC, a** | § | |
| **Wyoming Limited Liability Company;** | § | |
| **BRAND Engagement Network Inc., a** | § | |
| **Wyoming for Profit Corporation, d/b/a** | § | |
| **BEN AI, d/b/a BEN f/k/a** | § | |
| **BLOCKCHAIN EXCHANGE** | § | |
| **NETWORK INC.; OCTOBER 3RD** | § | |
| **HOLDINGS LLC, a Wyoming Limited** | § | |
| **Liability Company; MICHAEL LUCAS,** | § | |
| **individually, TYLER LUCK,** | § | |
| **Individually, DUE FIGLIE, LLC, a** | § | |
| **Wyoming Limited Liability Company,** | § | |
| **Shawn Lucas, individually** | § | |
| | § | |
| *Defendants.* | § | |

## <u>PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS</u>

Plaintiff AFG Companies, Inc. ("**AFG**"), by and through its Counsel of record, file this

Reply Brief in support of Plaintiff's Motion to Dismiss Without Prejudice (the "**Motion**") filed

December 26, 2025, [ECF No. 28], and respectfully shows the Court as follows:

## I.      <u>INTRODUCTION AND RELEVANT BACKGROUND</u>

AFG filed the Motion on December 26, 2025.   Defendants filed their Opposition to

Plaintiff's Motion to Dismiss, [ECF 29 (the "**Response**")] on January 9, 2026.   Defendants'

Response is another attempt to avoid an adverse consolidation decision in Cause No. 048-352249-24, pending in the 48th District Court of Tarrant County, Texas (the "**48th District Court Case**").

AFG first filed suit against Travis Gates ("**Gates**") in the 48th District Court Case on April 25, 2024, and then against Genuine Lifetime, LLC and Tyler Luck in the Cause No. 017-352358-24 in the 17th District Court of Tarrant County, Texas (the "**17th District Court Case**") on April 30, 2024.

Thereafter, on January 16, 2025, Brand Engagement Network, Inc. ("**BEN**") filed suit in Case No. 3:25-cv-00114-S-BN in the Northern District of Texas. The above-captioned matter was then filed on January 21, 2025, *after* Case No. 3:25-cv-00114-S-BN and the two Texas state court cases.

To be clear, this case was the *fourth* case filed, not the first. On March 5, 2025, through the same attorneys that had filed Case No. 3:25-cv-00114-S-BN, BEN affiliates Genuine Lifetime, Luck, and October 3rd Holdings, LLC filed Case No. 3:25-cv-01273-S in the Northern District of Texas. On March 14, 2025, again through the same attorneys, Shawn Lucas and Due Figlie filed Case No. 3:25-cv-00629-N in the Northern District of Texas. Finally, and yet again through the same attorneys, BEN filed Case No. 1:25-cv-02245 in the Southern District of New York on March 18, 2025. No discovery has been completed in any of the cases pending before the federal courts.

Through the course of discovery, Gates' counterclaims in the 48th District Court Case, and Genuine Lifetime's summary judgment briefing in the 17th District Court Case, AFG learned that Gates, Genuine Lifetime, and Luck —who, again, share attorneys with the other Defendants— were asserting substantially the same claims against AFG such that the cases should be consolidated. The court in the 48th District Court Case agreed and ordered the 17th District Court Case consolidated therein on October 8, 2025 (the "**Consolidation Order**").

Soon thereafter, Genuine Lifetime and Luck filed an improper Notice of Removal, thereby

removing the 48th District Court Case to the Northern District of Texas, Case No. 4:25-cv-01272-O (the "**Remanded Case**").  Genuine Lifetime and Luck sought to undo the Consolidation Order by partially removing only some of the parties and claims out of the 48th District Court Case. AFG filed a Motion for Remand; while it was pending, Genuine Lifetime and Luck filed the Motion to Transfer Venue attached as Exhibit 1 to their Response herein.  [ECF 29-1].

Crucially, on January 6, 2025—*prior to Defendants filing their Response in this case*—the Northern District of Texas entered an order remanding the Remanded Case to the 48th District Court and granting AFG's request for its attorneys' fees because "Defendants removal amounts to an impermissible appeal of the state court judge's consolidation order" and Defendants had "no reasonable basis for removal[.]"  [Remanded Case ECF 15 pp. 7–8**]**.  To be clear, Defendants premised their Response in this case on the existence of the Remanded Case and the Motion to Transfer Venue therein *after that case had been remanded back to Texas state court*.  [*See* ECF 29 p. 4 (citing the Remanded Case *after it had been remanded*), p. 5 (asking the Court to deny the Motion and receive the transfer the Remanded Case); ECF 29-1].

On January 15, 2026, AFG amended its petition in the 48th District Court Case to include each of the Defendants in the first-filed and primary case in the parties' dispute.

## II.    ARGUMENTS AND AUTHORITIES

### A.    Dismissal Promotes Judicial Economy.

Dismissal of this case promotes judicial economy by allowing consolidation of the above-referenced cases.  The primacy of the 48th District Court Case amongst the others is evident.  It is the first-filed lawsuit amongst the parties.  The parties therein have already undertaken substantial written discovery, taken several depositions, and even engaged in summary judgment practice. Moreover, the 48th District Court Case is unique amongst the numerous cases because AFG asserts therein claims against Gates, whose defenses and counterclaims mirror those of Genuine Lifetime

and Luck. Gates is a Texas citizen for diversity jurisdiction purposes and has no known connection to Wyoming. AFG is unaware of any facts that would support a Wyoming court asserting personal jurisdiction over Gates and this court could not assert subject matter jurisdiction if Gates were joined herein because AFG and Gates are both Texas citizens, destroying diversity.

Defendants' Response, while claiming that they oppose dismissal so that they can transfer all of the litigation here, entirely ignores Gates' existence and relevancy to this case. Notably, it is this same attempt to ignore Gates—despite the Consolidation Order requiring AFG's claims against Gates, Genuine Lifetime, and Luck to be litigated in a single case—that led the Northern District of Texas to award AFG its attorneys' fees upon remand in the Remanded Case. [*See* Remanded Case ECF 19 pp. 7–9; *see also* ECF 29 (again ignoring Gates)]. Whereas Gates may not be subject to the jurisdiction of Wyoming courts, each of the Defendants herein are subject to the jurisdiction of Texas courts; they each filed lawsuits against AFG and its affiliates in the Northern District of Texas.

Put simply, litigation in the 48th District Court Case has advanced substantially further than this case and is the only case undisputedly able to assert jurisdiction over each of the parties, including Gates. Rather than begin litigation anew in this case—which is not even the first-filed amongst the federal cases at issue and where less than all of the parties can be added—the parties and impacted courts would benefit from the efficiencies created by maximizing consolidation in the more-developed 48th District Court Case.

B.     **Dismissal Does Not Prejudice Defendants.**

Defendants claim dismissal here would prejudice them because, all along, they have been planning to litigate in this case. [ECF 29 p. 5–7]. The facts and Defendants' own actions betray these claims. Defendants took no action to pursue their claims in this case until *after* AFG filed its Motion. [*See* ECF 30]. Defendants did not seek to transfer any of the cases they filed to this

Court. Defendants intended to litigate in numerous cases until cases began consolidating into the 48th District Court—an apparently disfavored forum for Defendants—at which time Defendants enacted a strategy of improper removals (for which they have been sanctioned) and misleading filings to avoid the progression of the 48th District Court Case. [*See* Remanded Case ECF 15 pp. 7–8; ECF 29; ECF 29-1 (deliberately misleading this Court regarding the pendency of the Remanded Case and the Motion to Transfer Venue therein, *after that case had been Remanded*)].

Improper motives aside, the only actual prejudice Defendants claim is that dismissal "would require Genuine Lifetime to fight these claims in Texas and would require the remaining defendants to file new claims and pay new filing fees to bring forward their claims of breach of contract related to these same transactions." [ECF 29 p. 5]. First, the minimal filing fees associated with filing counterclaims in Texas are immaterial compared to the costs of litigating the same case in multiple venues, as Defendants propose. Moreover, there is no "harm" to Genuine Lifetime from litigating in Texas; Genuine Lifetime has been litigating in Texas the 48th District Court Case, as consolidated, since April 2024. Likewise, the other Defendants each *filed their own actions*, including through their controlled entities,[1] in the Northern District of Texas cases last year. Dismissal would not create prejudice, but rather allow for the orderly and efficient litigation of the parties'—including Gates'—claims in the 48th District Court Case.

Defendants do not claim—because they cannot—that they will lose the right to assert any claims, that they will lose the benefit of completed discovery, or any other actual prejudice.

III.    **CONCLUSION**

For the reasons stated in the Motion and herein, AFG respectfully requests the Court grant the Motion.

---

[1] Michael Lucas is a member of Genuine Lifetime. [Remanded Case ECF 1 p. 2].

Dated: January 16, 2026

/s/ *Robert J.* Walker_____
Robert J. Walker (7-4715)
Walker Law, LLP
114 East 7th Avenue, Suite 200
P.O. Box 22409
Cheyenne, WY 82003
(307) 529-2255
**ATTORNEY FOR PLAINTIFF**